Filed 3/11/26  P. v. Itehua CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ISRAEL LORENZO ITEHUA,<br><br>        Defendant and Appellant. | B338674<br><br>(Los Angeles County<br>Super. Ct. No. XSEVA128373) |

        APPEAL from an order of the Superior Court of Los Angeles County, Andrew C. Kim, Judge. Affirmed.

        Nancy Haydt, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Israel Lorenzo Itehua appeals the trial court's summary denial of his Penal Code section 1172.6[1] petition for resentencing. He argues the court erred in denying the petition without appointing counsel to represent him. Although we agree that was error, Itehua has failed to show he suffered any resulting prejudice. Thus, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We quote facts from our 2016 opinion addressing Itehua's direct appeal from his underlying conviction solely to provide context for this case. (*People v. Itehua* (June 30, 2016, B265575) [nonpub. opn.] (*Itehua*).)

"[Itehua] is a member of the 18th Street gang. In November 2012, [Itehua] and two other gang members, [codefendants Jeremy Harris and Isaac Garcia,] approached an apartment complex during a child's birthday party. When one of the attendees told them that children were present, one of [Itehua's] cohorts told her, 'I don't give a fuck, bitch. . . . We're from 18th Street,' and punched her in the face. A few moments later, [Itehua] pulled out a gun and opened fire on the attendee's adult sister; one of the bullets permanently paralyzed her from the chest down. As [Itehua] and the others fled, [Itehua] shot a homeless man who was in front of the apartment complex four times." (*Itehua*, *supra*, B265575.)

In 2014, Itehua and his codefendants were charged with two counts of premeditated attempted murder (§§ 187, subd. (a), 664; counts 1 & 2). In count 1, it was alleged Itehua and his codefendants personally inflicted great bodily injury upon the party attendee. (See § 12022.7, subd. (b).) As to both counts, it

---

[1]     Undesignated statutory references are to the Penal Code.

was further alleged Itehua personally used and discharged a firearm causing great bodily injury, and that the crimes were committed for the benefit of a criminal street gang. (See § 12022.53, subds. (b)–(e), § 186.22, subd. (b)(1)(C), (4).)

Itehua, Garcia, and Harris were tried by two juries: the red jury for Garcia and the blue jury for Itehua and Harris. The blue jury found Itehua guilty as charged and found the alleged enhancements true.

Itehua was sentenced to an aggregate term of 85 years to life in prison. On appeal, this court stayed a five-year enhancement for the personal infliction of great bodily injury and awarded Itehua two additional days of presentence custody credits. (*Itehua*, *supra*, B265575.)

In April 2024, Itehua filed a section 1172.6 petition for resentencing and requested appointment of counsel. The trial court did not appoint counsel and summarily denied his petition. Itehua timely appealed. (§ 1237, subd. (b); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

We review de novo the trial court's order summarily denying Itehua's petition. (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238–1239 (*Beaudreaux*); see also *People v. Lewis* (2021) 11 Cal.5th 952, 960–961 (*Lewis*).) We agree with the People the trial court erred by not following the procedure outlined by the Supreme Court in *Lewis*. But because Itehua has not shown he was prejudiced by the error, we affirm. (See *id.* at pp. 957–958.)

A defendant seeking resentencing relief under section 1172.6 must file a petition that includes several required components, including a declaration averring he meets all the eligibility conditions for resentencing. (§ 1172.6, subds. (a)(1)–(3),

(b)(1)(A).) We agree with the People's concession Itehua's preprinted, checkbox form petition was facially valid and adequately claimed he was eligible for resentencing relief.

Upon receiving "a facially sufficient petition" requesting counsel (*Lewis*, *supra*, 11 Cal.5th at p. 970), "the [trial] court shall appoint counsel to represent petitioner" (§ 1172.6, subd. (b)(3)). Thus, "petitioners who file a complying petition requesting counsel are to receive counsel upon the filing of a compliant petition." (*Lewis*, at p. 963; see *People v. Patton* (2025) 17 Cal.5th 549, 558–559 (*Patton*).) We agree with the People's concession the trial court erred in failing to appoint counsel for Itehua. (See *Lewis*, at pp. 957–958; *Patton*, at p. 562.)

Nevertheless, a petitioner whose section 1172.6 petition was erroneously denied before issuance of an order to show cause is not entitled to automatic reversal. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) He must also demonstrate he was prejudiced—that is, that the error was not harmless. (*Id.* at pp. 973–975; see *People v. Watson* (1956) 46 Cal.2d 818, 836.) The petitioner therefore " 'has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel[,] his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, at p. 974.)

Itehua has not attempted to carry that burden. He did not address prejudice in his opening brief, and he did not file a reply brief. Thus, he has forfeited any argument on that score. (*People v. Vance* (2023) 94 Cal.App.5th 706, 717.) We therefore "need not actually decide whether the error was harmless." (*Ibid.*)

Even if we considered the issue, this record shows the error was harmless. By its terms, resentencing under section 1172.6 is available to those convicted of attempted murder only insofar as their convictions are "based on the natural and probable

4

consequences doctrine." (*People v. Coley* (2022) 77 Cal.App.5th 539, 548 (*Coley*); see also *People v. Muhammad* (2024) 107 Cal.App.5th 268, 276–277 [defining natural and probable consequences doctrine].) To determine whether a petitioner can make a prima facie case of eligibility for section 1172.6 relief, we examine " '[t]he record of conviction.' " (*Patton*, *supra*, 17 Cal.5th at p. 564; see also *Beaudreaux*, *supra*, 100 Cal.App.5th at p. 1239.) "[P]ertinent portions of the record of conviction" can include "the charging document, verdict forms, closing arguments, and jury instructions." (*People v. Jenkins* (2021) 70 Cal.App.5th 924, 935.) Because this record of conviction shows Itehua was not tried or convicted under the natural and probable consequences doctrine, he is ineligible for resentencing relief as a matter of law.

Instead, the record shows Itehua was prosecuted as the direct perpetrator of both attempted murders who was aided and abetted by his codefendants, Harris and Garcia. (See *People v. Estrada* (2022) 77 Cal.App.5th 941, 948 [considering prosecution argument to jury].) A direct perpetrator of attempted murder "could not have been convicted under the natural and probable consequences doctrine." (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029; see also *Patton*, *supra*, 17 Cal.5th at pp. 563, 567.)

Moreover, the blue jury, which adjudicated the guilt of both Itehua and Harris, was instructed on only two theories of guilt potentially applicable to Itehua: a direct perpetrator theory and a theory of direct aiding and abetting with the intent to kill the victim. "Direct aiding and abetting remains a valid theory of attempted murder . . . ." (*Coley*, *supra*, 77 Cal.App.5th at p. 548.) While the blue jury was also instructed on the natural and probable consequences theory as it applied to Itehua's *codefendants*, the instruction did not mention Itehua. Because

"[w]e presume jurors follow their instructions" (*People v. Barrett* (2025) 17 Cal.5th 897, 1028), the jury could not have convicted Itehua pursuant to the natural and probable consequences doctrine.

This record shows Itehua is ineligible for section 1172.6 relief as a matter of law, so " 'there is no reasonable probability [he] would have obtained a more favorable result if counsel had been appointed" to represent him in resentencing proceedings. (*People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.) Itehua suffered no prejudice from the summary denial of his petition.

## DISPOSITION

The order is affirmed.


RICHARDSON, J.


WE CONCUR:


LUI, P. J.


CHAVEZ, J.